ALTER & BRESCIA, LLP
*Proposed Attorneys for the Debtor*
550 Mamaroneck Avenue, Suite 401
Harrison, New York 10528
(914) 670-0030
Bruce R. Alter, Esq.
Dana P. Brescia, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                            Chapter 11

    146-148 Cortlandt Street LLC,                  Case No. 14-23759(rdd)

                  Debtor.

-------------------------------------------------------X

### DECLARATION OF CIRILO RODRIGUEZ
### PURSUANT TO LOCAL BANKRUPTCY RULE 1007-2

STATE OF NEW YORK       )
                               ) ss.:
COUNTY OF WESTCHESTER  )

    CIRILO RODRIGUEZ, being duly sworn, deposes and says:

    1.    I am the 100% owner and managing member of 146-148 Cortlandt Street LLC (the "Debtor"). As such, I am familiar with the Debtor's operations, business and financial affairs.

    2.    I submit this Declaration pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1007-2 of the Local Rules for the United States Bankruptcy Court for the Southern District of New York (the "Local Rules").

**Local Rule 1007-2(a)(1)**

    3.    The Debtor is a single asset real estate entity that owns and operates 2 contiguous multi-residential buildings located at 146-148 Cortlandt Street, Sleepy Hollow, New York 10591(the "Property"). The buildings on the Property consist of 2 contiguous three-story apartment buildings, with 20 total units, all of which are currently rented.

4. The Property has an approximate fair market value of $3,350,000 and has a first priority secured mortgage in the approximate outstanding amount of $2,400,000 held by Crown Bank ("Crown").

5. In June 2011, the Debtor refinanced its prior mortgage, which had been with Silver Point Capital, with Crown. Although the Debtor consistently made payments to Crown from the inception of the loan, Crown declared the Debtor to be in default in May, 2012, claiming that the Debtor missed a payment in March, 2012.

6. It now appears that Crown claims that the loan was in default from its inception due to the Debtor's alleged failure to pay short term interest in June, 2011 at the time of the loan closing. Crown maintains that it is entitled to, and has in fact charged the Debtor, default interest and late fees for nearly every month of the loan's existence, despite the Debtor's almost perfect loan payment history. Admittedly, the Debtor may cumulatively be one month in arrears; however, the Debtor disputes Crown's computation of default interest and late fees and intends to dispute these charges in Crown's pending foreclosure action.

7. The Debtor has properly and consistently insured, maintained and managed the Property despite numerous tenant defaults, accumulated arrears, and required evictions. The Debtor has substantial rent roll from tenants and has the ability to continue to service Crown's debt pending a refinance, sale or confirmation of a Plan of Reorganization within a reasonable amount of time.

8. The Debtor has previously filed for Chapter 11 relief on three occasions: (a) Case No. 09-22104 (dismissed on February 3, 2010); (b) Case No. 10-22708 (dismissed June 29, 2010); and (c) Case No. 13-22762 (dismissed August 13, 2014). However, the Debtor expects to procure financing that it believes will allow it to resolve all outstanding claims.

9. The Debtor's bankruptcy filing was necessitated by the imminent appointment of a receiver of the Property in a foreclosure action captioned *Crown Bank v.146-148 Cortlandt St., LLC*, New York State Supreme Court, Westchester County, Index No. 56333/2013 (the

"Foreclosure Action"). The Foreclosure was precipitated by Crown improperly calling the Debtor in default under the loan, as set forth above.

10. The Debtor intends within 60 days to be able to refinance the Property which will result in the payment of its obligations to Crown in full.

**Local Rule 1007-2(a)(2)**

11. This case was not originally commenced under Chapter 7 or 13 of Title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code").

**Local Rule 1007-2(a)(3)**

12. Upon information and belief, no committee was organized prior to the order for relief in this Chapter 11 case.

**Local Rule 1007-2(a)(4)**

13. A list of the names and addresses of the Debtor's 20 largest unsecured claims, excluding "insiders" as that term is defined in §101(31) of Bankruptcy Code is annexed hereto as **Schedule I**.

**Local Rule 1007-2(a)(5)**

14. A list of the names and addresses of the five largest secured creditors is annexed hereto as **Schedule II**.

**Local Rule 1007-2(a)(6)**

15. A summary of the Debtor's assets and liabilities is annexed as **Schedule III**

**Local Rule 1007-2(a)(7)**

16. There are no publicly held securities of the Debtor.

**Local Rule 1007-2(a)(8)**

17. None of the Debtor's property is in the possession of any custodian, public officer, mortgagee, pledge, assignee or rents, or secured creditor, or any agent for such entity.

**Local Rule 1007-2(a)(9)**

18. The Debtor operates from and maintains its books and records at 150 Cortlandt Street, Sleepy Hollow, New York 10591.

**Local Rule 1007-2(a)(10)**

19. The Debtor's substantial assets are located at 146-148 Cortlandt Street, Sleepy Hollow, New York 10591.

**Local Rule 1007-2(a)(11)**

20. The only pending action against the Debtor is the Foreclosure Action.

**Local Rule 1007-2(a)(12)**

21. The Debtor's senior management consists of Cirilo Rodriguez, 100% shareholder.

**Local Rule 1007-2(b)(1)**

22. Debtor has no employees (exclusive of officers and directors).

**Local Rule 1007-2(b)(2)**

23. The estimated amount to be paid for services to its officers and directors for the thirty (30) day period following the filing of the Chapter 11 petition is $0.00.

**Local Rule 1007-2(b)(3)**

24. The estimated schedule of cash receipts and disbursements for the thirty (30) day period following the filing of the Chapter 11 petition, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees is annexed as **Schedule IV**.

## CONCLUSION

25.    The Debtor believes it is in the best interests of all of its creditors that it be afforded an opportunity to refinance and reorganize its obligations in Chapter 11.

26.    The needs and interests of the Debtor and its creditors will best be served by the Debtor's possession of its assets and management of its affairs as a Debtor-in-Possession under Chapter 11 until confirmation of a reorganization plan.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: Harrison, New York
       March 4, 2015

/s/ Cirilo Rodriguez
Cirilo Rodriguez, Managing Member

Sworn to before me this 4th day of
March, 2015
/s/ Bruce R. Alter
Bruce R. Alter
Notary Public, State of New York
No. 02AL000053515
Qualified in Westchester County
Commission Expires 8/31/2017

## Schedule I

## List of Debtor's 20 Largest Unsecured Creditors

Con Edison  $20,000.00
Attn: Bankruptcy Group
4 Irving Place – Room 1875-S
New York, New York 10003


Sleepy Hollow Water Dept.  $14,000.00
28 Beekman Avenue
Tarrytown, New York 10591

## Schedule II

### List of Debtor's 5 Largest Secured Creditors

| Creditor | Amount |
|---|---|
| Crown Bank<br>c/o Windels Marx Lane & Mittendorf<br>156 West 56th Street<br>New York, New York 10019 | $2,400,000<br>(approx)<br>(liquidated) |
| Village of Sleepy Hollow<br>28 Beekman Avenue<br>Tarrytown, NY 10591 | $210,000<br>(approx)<br>(disputed) |
| Town of Mt. Pleasant<br>One Town Hall Plaza<br>Valhalla, NY 10595 | $115,000<br>(approx)<br>(disputed) |

## Schedule III

### Debtor's Balance Sheet as of March 1, 2015

**ASSETS:**

| | |
|---|---:|
| Land and Buildings | $3,350,000 |
| Rents Receivable | 242,000 |
| Section 8 Receivable | 14,000 |
| Mortgage Reserve Account | 135,000 |
| TOTAL ASSETS: | $3,741,000 |

**LIABILITIES:**

| | |
|---|---:|
| First Mortgage (Unliq/Disp) | $2,400,000 |
| Village of Sleepy Hollow | 210,000 |
| Town of Mt. Pleasant | 115,000 |
| Water | 14,000 |
| Con Edison | 20,000 |
| TOTAL LIABILITIES: | $2,759,000 |

**Schedule IV**
**30 Day Budget**

| | |
|---|---|
| **CASH RECEIPTS:** | |
| Rental Income | $26,890 |
| | |
| **TOTAL RECEIPTS:** | $26,890 |
| | |
| **EXPENSES:** | |
| Insurance | $ 600 (pro rated) |
| Electric | $ 700 |
| Water | $2,800 |
| Repairs & Maintenance | $1,000 |
| RE Mortgage, Escrow & Taxes | $3,500 (pro rated) |
| | |
| **TOTAL EXPENSES:** | $ 8,600 |
| **TOTAL NET CASH AVAILABLE:** | **$18,290** |

_____